IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Bryan P. Stirling, Director,<br>Mr. McFadden, Warden,<br>Ms. W. Scarbrough, Business Office,<br><br>　　　　　　　　　　　　Defendants. | C/A No. 8:15-3650-JMC-JDA<br><br>**REPORT AND RECOMMENDATION** |

Kenneth "Syncere" Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Lieber Correctional Institution ("Lieber"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Liberally construed, Plaintiff alleges the following facts. He entered SCDC on March 9, 2015, at Kirkland R&E where he was permitted to make telephone calls using the Global Tel Link ("GTL") system. [Doc. 1.] After his transfer to Lieber on May 28, 2015, he has attempted to place outgoing telephone calls. [*Id.*] His outgoing telephone calls have failed because (a) the receiving person was not on his list and/or (b) the pin number for the GTL system was incorrect. [*Id.*] He contends that GTL does not require a telephone list from each inmate; if an inmate has a GTL account, he should be able to call anyone else with a GTL account. [*Id.*]

Plaintiff has complained numerous times. [*Id.*] Defendant Scarbrough gave Plaintiff a new pin number, but it still has not worked. [*Id.*] And, for a third time, Scarbrough gave Plaintiff a new pin number. [*Id.*] Due to his stress and depression of not having outside contacts, Plaintiff has suffered migraine headaches. [*Id.*]

No other prisoners with telephone privileges have had this problem that Plaintiff has had. [*Id.*] Plaintiff contends that he is being singled out because he is classified as STG member, and "SCDC is trying to stop [him] from having outside contacts." [*Id.*] He alleges he has attempted to exhaust his prison administrative remedies, but his grievances have been returned as unprocessed. [*Id.*] Plaintiff attached to the Complaint copies of several request to staff member, grievances, and the responses that he received. [Doc. 1-1; Doc. 1-3.]

Based on these facts, Plaintiff brings this lawsuit against: Bryan Stirling, the Director of SCDC; Mr. McFadden, the Warden of Lieber; and Ms. W. Scarbrough, a business office employee of SCDC assigned to Lieber. [Doc. 1.] He alleges his First Amendment right to freedom of association and right to redress grievances have been violated. [*Id.*] He seeks damages, a declaration that his constitutional rights were violated, and an injunction to order Defendants to permit Plaintiff to use the GTL system the same as other inmates. [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to allege a claim on which relief may be granted.  He does not allege a plausible violation of his constitutional rights.  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Plaintiff seems to contend that Defendants violated his constitutional right to redress grievances under the First Amendment by failing to properly respond to or process his prison requests and grievances. However, it is well settled that an inmate's access to and participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, if Defendants improperly responded to Plaintiff's requests and grievances, such conduct does not violate the Constitution.[1]

Also, Plaintiff's contention that his First Amendment constitutional right was violated by Defendants' failure to allow him to place outgoing telephone calls does not allege a plausible claim. The Constitution does not provide a per se right to a prisoner to make telephone calls from prison. *See Pierre v. Ozmint*, C/A No. 3:09-226-CMC-JRM, 2010 WL 679946, at *7 (D.S.C. Feb. 24, 2010), *aff'd* 410 F. App'x 595 (4th Cir. 2011). And, it appears that the First Amendment right to associate is not implicated by telephone restrictions on a prisoner. *See, e.g., Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 129–31 (1977). Further, if a prisoner has a First Amendment right to freedom of speech to communicate with people living in free society, a restriction on telephone calls does not violate the First Amendment because there is no allegation Plaintiff could not communicate using letters through the United States mail or have visitors come to the prison. *See* 72 C.J.S. *Prisons* § 94 Communications (June 2015).

---

[1]This Court has explained in Plaintiff's prior actions that there is no constitutional right to participate in a prison grievance process. *See, e.g., Kenneth Rivera v. Byars (Rivera II")*, C/A No. 8:12-3214-JMC (D.S.C. Oct. 24, 2013), ECF No. 40.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *with* prejudice for failure to state a claim on which relief may be granted and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009) (explaining that only a dismissal with prejudice for failure to state a claim can count as a strike).

**Plaintiff's attention is directed to the important notice on the next page.**


November 4, 2015                                          s/Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).