# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth "Syncere" Rivera, #318979, ) | |
| ) | Civil Action No. 8:15-cv-03650-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bryan P. Stirling, *Director*; ) | |
| Joseph McFadden, *Warden*; ) | |
| Ms. W. Scarborough, *Business Office*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Kenneth "Syncere" Rivera ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed an action pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 16), filed November 4, 2015, recommending that Plaintiff's Complaint (ECF No. 1) against Defendants Bryan P. Stirling, Joseph McFadden, and Ms. W. Scarbrough (collectively "Defendants") be dismissed with prejudice for failure to state a claim on which relief may be granted and without issuance and service of process.

For the reasons below, the court **ADOPTS** the findings of the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice. In addition, due to Plaintiff's active history of filing actions that lack a claim for which the court can grant relief, this court agrees that Plaintiff's Complaint (*id.*) be designated a strike pursuant to 28 U.S.C. § 1915(g).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2015, Plaintiff was transferred to Lieber Correctional Institution ("Lieber"). (ECF No. 16 at 2.) Plaintiff claims his outgoing telephone calls have failed since his transfer, which causes him to suffer from migraine headaches associated with stress and depression. (ECF

1

No. 1.) Plaintiff implicates the South Carolina Department of Corrections ("SCDC") because other prisoners do not experience similar circumstances. (*Id.*) Plaintiff alleges he exhausted his administrative remedies but they remain unprocessed. (*Id.*)

The Magistrate Judge filed the Report recommending the court dismiss the action with prejudice for failure to state a claim on which relief may be granted and without issuance and service of process. (ECF No. 16 at 6.) Further, the Report recommends Plaintiff be designated a "strike" pursuant to 28 U.S.C. § 1915(g). (*Id*.) Plaintiff filed timely Objections on November 19, 2015. (ECF No. 18.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

### A. Right to Telephone Calls

First, Plaintiff objects to the Report and alleges he filed an appropriate claim against Defendants for denying his telephone privileges. (ECF No. 18.) Additionally, Plaintiff asserts communication between a prisoner and his lawyer are essential to effective representation and

the ability to discuss case-related issues and that "intimate association, that is, the right to maintain personal family relations" is recognized by the Supreme Court. (*Id.*)

Plaintiff's telephone privilege claim was brought pursuant to 42 U.S. § 1983. To establish a § 1983 claim, Plaintiff must demonstrate a violation of a right secured by the Constitution or laws of the United States and that the violating party is a state actor operating under the color of the law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court observes that the Fourth Circuit Court of Appeals affirmed that there is no constitutional or federal statutory right to use a telephone while in prison. *U.S. v. Alkire*, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Mar. 21, 1996). Furthermore, the Report indicates that Plaintiff offers no evidence Defendants are denying his ability to communicate with free society altogether. (ECF No. 16 at 5.) Therefore, this court agrees with the Magistrate Judge's finding and accepts her recommendation for dismissal of the telephone privilege claim for failure to state a plausible claim. (*Id.*)

**B. Right to File Prison Grievances**

The Magistrate Judge recommends that this court dismiss the Complaint because an inmate's access to and participation in a prison's grievance process is not constitutionally protected. (ECF No. 16 at 5 (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)).) This court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint. (ECF No. 1.)

Plaintiff objects to the Report and alleges his right to file grievances is protected under the First Amendment. (ECF No. 18.) However, the Constitution does not entitle a prisoner to access grievance procedures or access to any procedure voluntarily established by a state. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Moreover, a mere violation of an inmate grievance

3

system does not violate the Constitution. *Muhammad v. McMickens*, No. 86-7376, 1988 WL 7789, at *3 (S.D.N.Y. 1988).

Further, Plaintiff implies Defendants are retaliating against him by ignoring his filed grievances. To assert a retaliation claim under § 1983, Plaintiff must establish he engaged in constitutionally protected conduct and his constitutionally protected conduct "was a substantial or motivating factor" in the prison officials' decision to discipline him. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Plaintiff offers no evidence to satisfy the required elements.

The Magistrate Judge recommends that this court dismiss the Complaint because an inmate's access to and participation in a prison's grievance process is not constitutionally protected. (ECF No. 16 at 5 (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)).) As a result of the foregoing reasons, this court agrees with the Magistrate Judge's recommendation to dismiss Plaintiff's Complaint. (ECF No. 1.)

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Magistrate Judge's Report (ECF No. 16), this court **ADOPTS** the findings of the Report and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice. Further, due to Plaintiff's active history of filing actions that lack a claim for which the court can grant relief, this court agrees that Plaintiff's Complaint (*id.*) be designated a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 16, 2016
Columbia, South Carolina

4